**The ByrneLaw Office**
A Professional Corporation
John P. Byrne, SBN 134412
24011 Ventura Blvd., Suite 201
Calabasas, California  91302-1460
Ph. (818) 593-5520
Fax (818) 593-5522
John.Byrne@byrnelaw.biz
Attorneys for Plaintiff GGP-Otay Ranch, LP

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

GGP-OTAY RANCH, LP, a Delaware
limited partnership,

     Plaintiff,

     vs.

MIDA HOLDINGS, INC., a Texas
corporation and doing business as
"Parmida Home Store;" BARDI
FAIZY, an individual,

     Defendants.

Case No.: **'14 CV 1766 JLS  DHB**

**COMPLAINT FOR:**

**1. BREACH OF CONTRACT; and**
**2. BREACH OF GUARANTY**

Plaintiff GGP-Otay Ranch, LP alleges as follows:

### Jurisdiction and Venue

1.  Plaintiff GGP-Otay Ranch, LP ("Plaintiff"), is a Delaware limited partnership organized and existing under the laws of the State of Delaware. Plaintiff's principal place of business is in the State of California.  Plaintiff is authorized to do business in the State of California, County of San Diego.

1

2.  Plaintiff is informed and believes that Defendant Mida Holdings, Inc. is a Texas corporation, with a principal place of business in the State of Texas (hereinafter "Parmida").

3.  Plaintiff is informed and believes that Defendant Bardi Faizy ("Faizy") is an individual who is a citizen and a resident of the State of Texas.

4.  This action relates to a Lease (defined below) of certain real property commonly known as Unit 1801 and 1802, Otay Ranch Town Center, 2015 Birch Road, Chula Vista, CA 91915 (the "Premises").

5.  Plaintiff is the owner of the Premises and the landlord under the Lease.  The Premises is commercial real property and part of the Otay Ranch Town Center in Chula Vista, California.

## FIRST CLAIM FOR RELIEF

### (Breach of Lease Contract Against Parmida)

6.  Plaintiff realleges and incorporates by this reference Paragraphs 1 through 5, inclusive as if set forth in full.

7.  On or about December 30, 2011, Plaintiff conveyed to Parmida, as tenant, a multi-year leasehold interest in the Premises.

8.  A true and correct copy of the written lease (the "Lease") is attached hereto at Exhibit "1" and is incorporated herein by this reference as if set forth in full.

9.  As consideration, Parmida agreed to pay minimum rent, plus percentage rent, operating charges, tax charges and other charges (all included as "Rent") payable monthly, on the first of every month.

10. Plaintiff delivered possession of the Premises and otherwise performed under the Lease.

11. On or about August 6, 2012, the parties agreed to amend the Lease.

12. A true and correct copy of the First Lease Amendment is attached hereto marked as Exhibit "2" and is incorporated herein by this reference as if set forth in full.

13. In connection with the First Lease Amendment, Plaintiff paid Parmida $603,896 for tenant improvements (the "Tenant Improvement") based on the mutual understanding that Parmida would build and then occupy Premises which were uniquely suitable for a home improvement store. Parmida took the Tenant Improvement without communicating to Plaintiff its inability to perform under the Lease. Soon after Parmida opened its doors for business, it began defaulting on the payment of rent.

14. At all relevant times, Rent was at least $10,000 per month.

15. The Lease term ran through October 31, 2022.

16. Parmida defaulted under the Lease by, among other things, failing to pay all of the Rent that came due under the Lease.

17. In August, 2013, Plaintiff commenced that certain unlawful detainer action known as *GGP-Otay Ranch, LP v. Mida Holdings, Inc.,* San Diego Superior Court, Case No. 37-2013-00061512-CU-UD-CTL (the "UD Action").

18. While the UD Action was pending, Parmida vacated the Premises in August, 2013. The Lease terminated by operation of law, with Plaintiff's rights under California *Civil Code* § 1951.2 preserved (breach of contract damages for lease terminated through unlawful detainer proceeding).

19. At the time the Lease terminated, the amount of Rent past due was at least $23,618.90.

20. As a result of the foregoing breach of the Lease, and the

consequent termination of the Lease as alleged above, Plaintiff has been damaged and is entitled to recover the following pursuant to the terms of the Lease and California *Civil Code* §1951.2:

(1) The worth at the time of award of the unpaid rent which had been earned at the time of termination;

(2) The worth at the time of award of the amount by which the unpaid rent which would have been earned after termination until the time of award exceeds the amount of such rental loss that the lessee proves could have been reasonably avoided;

(3) Subject to subdivision (c), the worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award exceeds the amount of such rental loss that the lessee proves could be reasonably avoided; and

(4) Any other amount necessary to compensate the lessor for all the detriment proximately caused by lessee's failure to perform his obligations under the lease or which in the ordinary course of things would be likely to result therefrom.

21. Plaintiff is entitled to recover pursuant to subsection (1) above the sum of at least $23,618.90 plus costs, attorney's fees, and, if applicable, interest and late charges, according to proof.

22. Plaintiff is further entitled to recover pursuant to subdivisions (2)

and (3) of Section 1951.2 the rent owed for the balance of the Lease term (through October 31, 2022). The damages prescribed by *Civil Code* §1951.2(2) and (3) amount to at least $1,100,000 plus costs, attorney's fees, and interest (less discount to present value).

23. Plaintiff is entitled to recover the $603,896 tenant improvement under California *Civil Code* § 1951.2 (4).

24. The Lease also provides for the recovery of interest, attorney's fees and costs. [Lease, Article 28].

## SECOND CLAIM FOR RELIEF

(Money Due on Guaranty Against Defendant Faizy)

25. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 23, inclusive, as if set forth in full.

26. On or about December 30, 2011, for valuable consideration, Faizy made, executed and delivered to Plaintiff a written guaranty of the Lease (the "Guaranty"). A true and correct copy of the Guaranty is attached hereto as Exhibit "3" and is incorporated herein as if set forth in full.

27. In the Guaranty, Faizy guaranteed the full, faithful, timely and continuing payment and performance of the payments, covenants and obligations under the Lease (as more particularly set forth in the Guaranty).

28. The purpose of the Guaranty was to induce Plaintiff to enter into the Lease with Parmida. Plaintiff acted in reliance on the Guaranty in entering the Lease.

29. To the extent required, Plaintiff performed all of its obligations under the Lease and Guaranty.

30. The sum of $1,727,514.90 are the gross damages for the breach of

Lease.  The sum of $1,230,514.90 That sum, plus costs, interest, attorney's fees and late charges, according to proof, are due, owing and unpaid under the Guaranty.

31.  WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

I.  <u>ON THE FIRST CLAIM FOR RELIEF.</u>

    a.  $1,727,514.90 pursuant to *Civil Code* §1951.2, plus late fees and interest (discounted as applicable to present value);

    b.  Attorney's fees and costs; and

    c.  Such other relief as the Court deems appropriate.

II.  <u>ON THE SECOND CLAIM FOR RELIEF.</u>

    a.  $1,727,514.90 plus late fees and interest (discounted as applicable to present value);

    b.  Attorney's fees and costs; and

    c.  Such other relief as the Court deems appropriate.

Dated:  July 28, 2014

**The ByrneLaw Office**
A Professional Corporation

John P. Byrne
Attorneys for Plaintiff
GGP-Otay Ranch, LP

6